Per Curiam.

Petitioner bases his right to release on the ground that he was denied counsel. The Attorney General introduced into evidence a transcript of the proceedings at petitioner’s arraignment and at the time he entered his plea of guilty. An examination of this transcript shows that petitioner was not represented by counsel, did not have his right to counsel explained to him and was not offered counsel at any time during those proceedings. There is no written waiver of counsel in the record. A letter from the trial judge was introduced into evidence by the Attorney General, which substantiates the fact that petitioner was not represented by counsel during those proceedings.
It appearing that inasmuch as petitioner was not represented by counsel, did not have his right to counsel explained to bim and did not waive counsel, he is entitled to his release under the *73 principles enunciated in Carnley v. Cochran, Dir., 369 U. S., 506, and Gideon v. Wainwright, Dir., 372 U. S., 335.

Petitioner released from custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.